**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2527
_____

JOSEPH GLASS,
                    Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
THE DISTRICT ATTORNEY OF BUCKS COUNTY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-16-cv-03902)
Honorable Anita B. Brody, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 15, 2018

Before:  JORDAN, SHWARTZ, and KRAUSE, *Circuit Judges*

(Opinion filed: March 22, 2018)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

     Joseph Glass appeals the order of the United States District Court for the Eastern

District of Pennsylvania denying his petition for a writ of habeas corpus under 28 U.S.C.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 2254. Because the state court's determination that Glass did not receive ineffective assistance of counsel was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), we will affirm the District Court's denial of habeas relief.

## I.     Background

In January 2011, Glass was convicted of arson and reckless endangerment after his house caught fire with his wife and children inside.  At his trial, Glass maintained that he did not start the fire and that the fire was either accidental or set by his wife in retaliation for his infidelity.  Following his conviction and appeal, Glass filed a petition for relief under Pennsylvania's Post-Conviction Relief Act (PCRA) claiming that his trial counsel provided ineffective assistance.  After an evidentiary hearing, the PCRA court denied the petition.  The Superior Court affirmed, and the Pennsylvania Supreme Court denied his request for an appeal.

His state remedies exhausted, Glass filed a petition for habeas corpus under 28 U.S.C. § 2254, arguing again that his trial counsel was ineffective.  The District Court denied the petition but granted a Certificate of Appealability.  Glass timely appealed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. § 2253.  Because the District Court did not conduct an evidentiary hearing, our review is plenary.  *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009).

2

**III. Discussion**

We evaluate Glass's ineffective assistance claim through the lens of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, "a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) (quoting 28 U.S.C. § 2254(d)(1)). To demonstrate ineffective assistance of counsel, Glass must show both "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. As *Strickland* provides "a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. Thus, where, as here, AEDPA and *Strickland* apply together, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Glass's single ineffective assistance claim centers on trial counsel's failure to object or to request limiting instructions "in the face of prosecutorial misconduct," namely, the prosecutor allegedly injecting his personal opinions concerning credibility, guilt and moral character into his closing argument. Appellant's Br. at 9 (bold and capitalization removed). As the PCRA court reasonably found, however, none of the

3

challenged statements in fact offered any personal opinion; instead, each was in direct response to the evidence presented at trial. *See Fahy v. Horn*, 516 F.3d 169, 203–04 (3d Cir. 2008).

For example, in response to Glass's wavering statements to investigators about whether he had seen flames coming out of a torch in his home, the prosecutor stated, "These two statements cannot be reconciled. One is a lie; one is the truth, maybe." App. 52. In response to Glass's shifting testimony about whether his wife left a cigarette on the floor, the prosecutor stated, "It's just another example of his lies, his manipulation." App. 49. While "[w]e do not condone" a prosecutor's characterization of a defendant's testimony as lies, the prosecutor's references were "responsive to the closing summation of the defense," *Fahy*, 516 F.3d at 201, which characterized many of the false statements in Glass's testimony as "slight discrepanc[ies]," App. 17, or not "intentional deception," App. 20.

As the state court reasonably concluded, in these circumstances, there was no sound basis to object, and trial counsel cannot be deemed ineffective for failing to pursue meritless arguments. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Nor can Glass demonstrate prejudice given the trial court's multiple instructions both at the beginning and at the end of trial that the jury was not to consider the attorneys' arguments as evidence. *See Glenn v. Wynder*, 743 F.3d 402, 411 (3d Cir. 2014); *Werts v. Vaughn*, 228 F.3d 178, 201 (3d Cir. 2000).

4

We also do not discern a basis for relief in the state court's determination that trial counsel was not ineffective for failing to object or to request limiting instructions regarding the prosecutor's references to Glass's infidelity, which Glass contends "injected [the prosecutor's] own personal view as to [Glass's] lack of moral character." App. 3. Glass has disclaimed any argument that trial counsel had a basis to object to the admission of evidence about the infidelity, acknowledging that both sides used the evidence to demonstrate a motive for either Glass or his wife to set the fire. As for his counsel's failure to respond to the prosecutor's comments themselves, the PCRA court reasonably determined that none of the comments identified by Glass "amounted to improper personal opinion" because they were, instead, attempts "to point out reasonable inferences from the evidence presented at trial . . . and counsel's performance cannot be deemed inadequate for failing to object to the remarks." *Werts*, 228 F.3d at 205. Moreover, in light of the trial court's repeated instructions that the attorneys' comments were not evidence, Glass also cannot demonstrate that any purported deficiency in his counsel's failure to seek an additional limiting instruction was prejudicial. *See Glenn*, 743 F.3d at 411; *Werts*, 228 F.3d at 201.

The cases on which Glass relies do not alter our conclusion as they hail from other courts and, in any event, involved prosecutorial conduct of a far more egregious and prejudicial nature. *E.g.*, *Zapata v. Vasquez*, 788 F.3d 1106, 1112–24 (9th Cir. 2015) (repeated and entirely fabricated account that defendant made ethnically charged remarks in victim's final moments of life); *Gumm v. Mitchell*, 775 F.3d 345, 381–83 (6th Cir.

2014) (unreliable claim that defendant engaged in bestiality); *Floyd v. Meachum*, 907 F.2d 347, 354–55 (2d Cir. 1990) (inflammatory comments concerning defendant who did not testify and erroneous statements of burden of proof).

## IV. Conclusion

For the foregoing reasons, the order of the District Court will be affirmed.